IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MEDASSETS, INC. and ASPEN II HOLDING CO. d/b/a ASPEN HEALTHCARE METRICS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) CIVIL ACTION NO. ) 1:08-CV-2640-RWS ) ) ) ) ) ) ) ) |

**MOTION TO QUASH AND FOR PROTECTIVE ORDER**

COMES NOW Federal Insurance Company ("Federal"), for itself and on behalf of Mr. James D. Butchart ("Mr. Butchart"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 45(c) and 26(c)(1)(B), and files this Motion to Quash and for a Protective Order, and respectfully shows this Court as follows:

1. On April 22, 2009, counsel for Plaintiffs issued and served a Subpoena to Mr. Butchart, calling for him to appear at the offices of Plaintiffs' counsel in Atlanta on April 29, 2009 at 1:00 p.m to testify at the taking of a deposition in this case. (*See* Docket # 37.)

14951333.2

2. Prior to receipt of the Subpoena, Mr. Butchart, an employee of Federal, had scheduled a vacation out of the country for the week of April 27, 2009, and including the date for the proposed deposition, April 29, 2009. Mr. Butchart had purchased tickets to depart Atlanta on Saturday, April 25, 2009, and was scheduled to be out of the country the entire week. (Declaration of James D. Butchart, Exhibit 2.)

3. On April 23, 2009, in a good faith effort to avoid the filing of this Motion, Federal's counsel informed Plaintiffs' counsel that Mr. Butchart would be out of the county on April 29, 2009, and requested Plaintiffs' counsel to voluntarily withdraw the Subpoena. On April 24, 2009, Federal's counsel left a voicemail for Plaintiffs' counsel and sent an additional email requesting that Plaintiffs' counsel withdraw the Subpoena. Plaintiffs' counsel refused to withdraw the Subpoena. (*See* Exhibit 1.)

4. In the series of additional email messages that followed, counsel for Federal offered to make Mr. Butchart available for deposition in May (following the close of discovery) at a date agreed by counsel, after he returned from vacation. As shown in the email chain attached as Exhibit 1, the last email from Plaintiffs'

counsel was not responsive to that proposal. Counsel for Federal replied again, 21 minutes later, with the specific question of whether Plaintiffs would agree to withdraw the subpoena and suspend the notice to an agreed date in May. As of the filing of this Motion, no response has been received to that proposal.

     5. Counsel for Federal is leaving tomorrow morning in order to travel to Minnesota for another deposition in this case scheduled for Tuesday, April 28, 2009. Therefore, it was necessary for this Motion to be filed on Sunday, April 26, prior to counsel's departure.

     6. Federal's counsel certifies, pursuant to Federal Rule of Civil Procedure 26(c)(1), that prior to filing this Motion, he conferred in good faith with Plaintiffs' counsel in an effort to resolve the present discovery dispute without court intervention, but that effort was not successful, as set forth above. Federal's counsel further certifies that Exhibit 1 is a true and correct copy of an email chain of messages between counsel relating to this issue.

     7. Under Rule 45(c), Federal Rules of Civil Procedure, the party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid

imposing undue burden or expense on a person subject to the subpoena, and the issuing court is authorized to enforce that duty.

8. Under Rule 26(c)(1)(B), Federal Rules of Civil Procedure, this Court is authorized to enter an Order specifying the terms, including time and place, for discovery requested that is the subject of the Motion for Protective Order.

9. Federal respectfully requests that this Motion to Quash and for a Protective Order be granted, that this Court quash the Subpoena demanding Mr. Butchart's presence at a deposition on April 29, 2009, and enter a Protective Order directing the Plaintiffs to cooperate in the scheduling of the proposed deposition of Mr. Butchart at a mutually agreeable date and time in May 2009 to be conducted at the offices of Federal's counsel.

10. Federal relies on its Memorandum of Law in Support of this Motion, the declaration of Mr. Butchart, the email communications between Mr. James Leonard and Mr. David Leonard attached to the Memorandum of Law, and other pleadings and exhibits filed in this case.

- 4 -
14951333.2

Respectfully submitted this 26th day of April, 2009.

/s/ David M. Leonard
David M. Leonard
Georgia Bar No. 446625
Email: dleonard@carltonfields.com

/s/ Amanda B. Speed
Amanda B. Speed
Georgia Bar No. 141248
Email: aspeed@carltonfields.com

CARLTON FIELDS, P.A.
One Atlantic Center, Suite 3000
1201 West Peachtree Street NE
Atlanta, Georgia 30309-3455
Office:    404.815.3400
Facsimile: 404.815.3415

*ATTORNEYS FOR DEFENDANT*
*FEDERAL INSURANCE COMPANY*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MEDASSETS, INC. and ASPEN II HOLDING CO. d/b/a ASPEN HEALTHCARE METRICS, LLC, </br> </br> Plaintiffs, </br> </br> v. </br> </br> FEDERAL INSURANCE COMPANY, </br> </br> Defendant. | ) </br> ) </br> ) CIVIL ACTION NO. </br> ) 1:08-CV-2640-RWS </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of April 2009, I served the foregoing **MOTION TO QUASH AND FOR PROTECTIVE ORDER** on the parties identified below by using the CM/ECF system, which automatically sends e-mail notification of such filing to the following attorneys of record:

James J. Leonard
Brandon T. Grinsted
KILPATRICK STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia  30309-4528
(Attorneys for Plaintiffs)

/s/ David M. Leonard
David M. Leonard

- 6 -

14951333.2