IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MEDASSETS, INC. and ASPEN II HOLDING CO. d/b/a ASPEN HEALTHCARE METRICS, LLC, <br><br>    Plaintiffs, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, <br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. <br> 1:08-CV-2640-RWS |

**FEDERAL INSURANCE COMPANY'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO QUASH AND FOR PROTECTIVE ORDER**

Federal Insurance Company ("Federal"), for itself and on behalf of Mr. James D. Butchart ("Mr. Butchart"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 45(c) and 26(c)(1)(B), files this Memorandum of Law in Support of its Motion to Quash and for a Protective Order respectfully showing this Court as follows:

**I.   RELEVANT FACTS**

Federal seeks to quash a subpoena served on its employee, Mr. Butchart, and seeks to have protection from the notice for a deposition of Mr. Butchart purportedly scheduled for April 29, 2009. (Docket # 37, Subpoena to James D.

14950404.2

Butchart, ("Subpoena"); Docket # 34, Notice of Subpoena and Deposition for April 29, 2009.)

The issue in this case is whether Federal had a duty to defend a suit filed in August 2004, under two insurance policies issued by Federal to Plaintiff MedAssets, Inc. (Docket # 1, Complaint.) To date, the parties have taken and/or scheduled four depositions in this case pursuant to agreement of the parties, confirmed by notice.

Currently before the court is Plaintiffs' Motion to Compel Depositions of various additional individuals, and Federal's Brief in Opposition to the Motion to Compel. (Docket # 29, Plaintiffs' Motion to Compel; Docket # 38, Federal's Brief in Opposition to Plaintiffs' Motion to Compel.)[1]

Without further discussion with Federal's counsel, on Wednesday, April 22, 2009, counsel for Plaintiffs issued a Subpoena to Mr. Butchart for his deposition the following Wednesday, the last day of discovery. Prior to receipt of the Subpoena, Mr. Butchart, an employee of Federal, had

---

[1] As evidenced by the correspondence attached to Plaintiffs' Motion to Compel Depositions, Federal has never refused to produce Mr. Butchart, but counsel for Federal had advised Plaintiffs' counsel that he believed the deposition was unnecessary and irrelevant, since the meeting Mr. Butchart attended was after Federal had made its decision. (*See* Docket # 29-3 to 29-11.)

- 2 -

scheduled a vacation out of the country for the week of April 27, 2009. (Declaration of James D. Butchart ("Butchart Declaration"), attached as Exhibit 2, at ¶¶ 2 and 4.) Mr. Butchart previously had purchased tickets to depart Atlanta on Saturday, April 25, 2009 and he will be out of the country the entire week. (Butchart Declaration, at ¶ 5.)

On Thursday, April 23, 2009, in a good faith effort to avoid the filing of this Motion to Quash and for a Protective Order, Federal's counsel informed Plaintiffs' counsel that Mr. Butchart would be out of the county on April 29, 2009, and requested Plaintiffs' counsel to voluntarily withdraw the Subpoena. (Email Correspondence Between Mr. David Leonard and Mr. James Leonard re: Subpoena, "Email Correspondence re: Subpoena"), attached as Exhibit 1.) Having received no reply, on Friday, April 24, 2009, Federal's counsel left a voicemail for Plaintiffs' counsel and sent additional emails requesting that Plaintiffs' counsel withdraw the Subpoena. (Exhibit 1, Email Correspondence re: Subpoena.) Plaintiffs' counsel refused to voluntarily withdraw the subpoena. (*Id.*)

Federal's counsel offered to produce Mr. Butchart for the taking of a deposition at a mutually agreeable date and time in May, 2009. (*Id.*) Plaintiffs' counsel ignored

this offer and has not agreed to withdraw the Subpoena and postpone the deposition. (*Id.*)

Accordingly, Federal was required to file this Motion to Quash and for a Protective Order. Counsel for the parties will be in St. Cloud, Minnesota for the deposition of Janet Hansmeier, a witness in this case, on Tuesday, April 28. Counsel for Federal is leaving Atlanta Monday morning, making it necessary to file this Motion on Sunday, April 26.

## II.   ARGUMENT AND CITATIONS OF AUTHORITY

Federal Rule of Civil Procedure 45(c) provides this Court with the authority to quash the Subpoena issued to Mr. Butchart. According to Federal Rule 45(c)(3)(A) a court is required to quash or modify a subpoena that:

> (i)   fails to allow a reasonable time to comply;
> . . .   or
> (iii)   subjects a person to undue burden.

Requiring Mr. Butchart to attend a deposition on April 29, 2009 would subject him to an undue burden. Mr. Butchart scheduled a vacation of the country and purchased tickets to depart Atlanta on the morning of April 25, 2009. (Butchart Declaration, at ¶¶ 4, 5.)

- 4 -

14950404.2

Further, Mr. Butchart was not served with the subpoena for his deposition until Wednesday afternoon, April 22, 2009. (Subpoena.) On Thursday, April 23, 2009 and Friday April 24, 2009, Federal's counsel attempted in good faith to reschedule this deposition due to Mr. Butchart's unavailability. (Exhibit 1, Email Correspondence re: Subpoena.) Not until Friday afternoon, April 24, 2009, did Plaintiffs' counsel respond to Federal's counsel indicating that Plaintiffs refused to reschedule the deposition. Federal's counsel will be in Minnesota for the deposition of Janet Hansmeier in this case on Monday and Tuesday, April 27 and 28. As such, the subpoena, which compels Mr. Butchart's deposition on Wednesday, April 29, 2009, also fails to allow a reasonable time for Mr. Butchart to meet with Federal's counsel prior to the date for his deposition.

Federal Rule of Civil Procedure 26(c)(1)(B) also allows the Court to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "specifying terms, including time and place, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B).

In this case, requiring Mr. Butchart to appear for a deposition on April 29, 2009 would impose an undue burden

and expense on him, particularly when counsel for Federal had offered to reschedule the deposition in May, following the close of discovery,[2] in order to avoid the conflict.

### III.   CONCLUSION

Federal respectfully submits, for itself and on behalf of Mr. Butchart, that the entry of an order quashing the subpoena of Mr. Butchart, and for a protective order requiring Plaintiffs to cooperate in finding a mutually agreeable date in May, 2009, for Mr. Butchart's deposition, is consistent with and authorized by Fed. R. Civ. P. 45 and 26(c), as well as being a logical and reasonable resolution of this dispute.

WHEREFORE, Federal respectfully requests that their Motion to Quash and Motion for a Protective Order be inquired into and be granted, that this Court quash the Subpoena, and enter a Protective Order directing the parties to schedule Mr. Butchart's deposition for a mutually agreeable day and time in May, 2009 at the offices of Federal's counsel.

---

[2] Counsel for the parties have already agreed to conduct the discovery related to Plaintiffs' alleged damages, (MedAssets' defense costs in the underlying Guidant Lawsuit), at a later date, following the close of discovery, depending upon whether such discovery is necessary after the summary judgment motions are filed in this case.

14950404.2

- 7 -

Respectfully submitted this 26th day of April 2009.

/s/ David M. Leonard
David M. Leonard
Georgia Bar No. 446625
Email: dleonard@carltonfields.com

/s/ Amanda B. Speed
Amanda B. Speed
Georgia Bar No. 141248
Email: aspeed@carltonfields.com

CARLTON FIELDS, P.A.
One Atlantic Center, Suite 3000
1201 West Peachtree Street NE
Atlanta, Georgia 30309-3455
Office:    404.815.3400
Facsimile: 404.815.3415

*ATTORNEYS FOR DEFENDANT*
*FEDERAL INSURANCE COMPANY*

```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION


MEDASSETS, INC. and ASPEN II      )
HOLDING CO. d/b/a ASPEN           )
HEALTHCARE METRICS, LLC,          )  CIVIL ACTION NO.
                                  )  1:08-CV-2640-RWS
     Plaintiffs,                  )
                                  )
v.                                )
                                  )
FEDERAL INSURANCE COMPANY,        )
                                  )
     Defendant.                   )
```

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULES**

Pursuant to Local Rule 7.1(D), I hereby certify that this brief has been prepared in Courier New Font, size 12, in accordance with Local Rule 5.1.


                              /s/ David M. Leonard
                              David M. Leonard


- 8 -

14950404.2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **MEDASSETS, INC. and ASPEN II HOLDING CO. d/b/a ASPEN HEALTHCARE METRICS, LLC,**     )<br>    )<br>    )<br>    )<br>    **Plaintiffs,**    )<br>    )<br>**v.**    )<br>    )<br>**FEDERAL INSURANCE COMPANY,**    )<br>    )<br>    **Defendant.**    ) | **CIVIL ACTION NO.<br>1:08-CV-2640-RWS** |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of April 2009, I served the foregoing **MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO QUASH AND FOR A PROTECTIVE ORDER** on the parties identified below by using the CM/ECF system, which automatically sends e-mail notification of such filing to the following attorneys of record:

> James J. Leonard
> Brandon T. Grinsted
> KILPATRICK STOCKTON LLP
> 1100 Peachtree Street NE, Suite 2800
> Atlanta, Georgia  30309-4528
> (Attorneys for Plaintiffs)

>                             /s/ David M. Leonard
>                             David M. Leonard

- 9 -

14950404.2