IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MEDASSETS, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | CIVIL ACTION NO. |
| : | 1:08-CV-2640-RWS |
| FEDERAL INSURANCE  : | |
| COMPANY, : | |
| : | |
| Defendant. : | |

## **ORDER**

This case comes before the Court on Defendant's Motion to Amend Order to Include Certification pursuant to 28 U.S.C. § 1292(b) for Interlocutory Appeal and for a Stay Pending Review ("Motion to Amend") [90]. After considering the record, the Court enters the following Order.

## **Background**

Defendant Federal Insurance Company ("Federal") issued two insurance policies to Plaintiff MedAssets, Inc. ("MedAssets"), the D&O Policy (policy number 8170-4425) and the E&O Policy (policy number 7499-71-83-DAL). (Dkt. [55] at ¶¶ 7, 15). This case concerns whether Defendant had a duty to defend Plaintiff under either policy for a suit brought against it by third parties.

In its March 31, 2010 Order [88], the Court granted in part and denied in part Plaintiff's Motion for Summary Judgment on the Issue of Defendant's Duty to Defend [54].  The Motion was granted as to Defendant's duty to defend under the D&O Policy and denied as to Defendant's duty to defend under the E&O Policy.  In that Order, the Court granted Defendant's Motion for Summary Judgment on Claims under the E&O Policy [57] and denied Defendant's Motion for Summary Judgment on Claims under the D&O Policy [58].  The parties have attempted to resolve the dispute through mediation, but were unsuccessful.  (See Dkt. [94]).

In the present Motion [90], Defendant argues that the following issues decided by the Court in its March 31, 2010 Order [88] are ripe for interlocutory review under 28 U.S.C. § 1292(b):

> (1) Whether a Complaint (a "Claim" under the Policy) containing counts for both tortious interference based on inducing the disclosure of confidential information alleged to be a trade secret, and for Misappropriation of Trade Secrets under the Minnesota Uniform Trade Secrets Act, falls under an exclusion to coverage for any "Insured Organization Claim" [the Complaint] "based upon, arising from, or in consequence of any actual or alleged . . . misappropriation of trade secrets." ["Issue 1"]
>
> (2) Where it is undisputed that the entity sued in the underlying action is not a covered insured under a policy, whether coverage nonetheless is available under the policy based upon an assertion

that a different insured entity was "intended" to be named in the suit. ["Issue 2"]

(3) Where it is undisputed that an insured corporation hired its own counsel to fully defend a suit, and did so vigorously, spending over twice the limit available under the Policy, and then negotiated a settlement, and where the insured was never without counsel and no default judgment was issued, are consequential damages in excess of the D&O policy limits available in a suit alleging a breach of a duty to defend. ["Issue 3"]

(Dkt. [90-1] at 2-3). The Court now addresses whether these questions are appropriate for immediate appeal.

## Discussion

To be granted permission for an interlocutory appeal, the movant must demonstrate that there is a "controlling question of law as to which there is substantial ground for difference of opinion" and that resolution of the issue will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Even if these requirements are satisfied, the Court of Appeals retains discretion to refuse to allow the appeal. Section 1292 is intended to be used sparingly and only in exceptional cases where a speedy appeal would avoid protracted litigation. Sussman v. Salem, Saxon and Nielsen, P.A., 826 F. Supp. 1416, 1418 (M.D. Fla. 1993); see also White v. Nix, 43 F.3d 374, 376 (8th Cir.

1994) (stating that Section 1292 interlocutory appeals should be limited to exceptional circumstances).

The critical inquiry in the present case is whether Defendants seek to certify a question as to which there is a substantial difference of opinion. This criterion for certification is satisfied when: (1) the issue is difficult and of first impression; (2) a difference of opinion as to the issue exists within the controlling circuit; or (3) the circuits are split on the issue. See In re Regions Morgan Keegan ERISA Litigation, No. 08-2192, 2010 WL 3833668, at *2 (W.D. Tenn. June 30, 2010); see also Rodriguez v. Banco Cent., 917 F.2d 664, 665 (1st Cir. 1990) (accepting certified question where circuits divided); Limuel v. Donrey Corp., 795 F. Supp. 902, 903-04 (E.D. Ark. 1992) (certifying question due to conflict between other circuits and the controlling circuit); Klapper v. Commonwealth Realty Trust, 662 F. Supp. 235, 236 (D. Del. 1987) (certifying issue of first impression); Giardiello v. Balboa Ins. Co., 661 F. Supp. 644, 646 (S.D. Fla. 1985), judgment aff'd in part, rev'd in part on other grounds, 837 F.2d 1566 (11th Cir. 1988) (certifying question due to conflict between other circuits and controlling circuit). Neither the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion. See In re

4

Scientific-Atlanta, Inc. Sec. Litig., No. 1:01-CV-1950-RWS, 2003 WL 25740734, at *1 (N.D. Ga. Apr. 15, 2003).

In the present case, as to the three questions Defendants urge the Court to certify for appeal, Defendants have not demonstrated that a difference of opinion exists as to the issues within the Eleventh Circuit or that there is a split as to the issues among the United States Courts of Appeals. Therefore in order for the Court to certify one or more of the issues for appeal, the Defendant must demonstrate that such issue is difficult and of first impression.

Defendant's briefing of the Motion to Amend [90] seems better suited for a motion for reconsideration, because the thrust of the arguments is that the Court incorrectly decided the issue in light of the language of the D&O Policy and existing case law. Such argument, that the Court "got it wrong," is insufficient to state a substantial ground for difference of opinion. In re Scientific-Atlanta, Inc. Sec. Litig., 2003 WL 25740734, at *1. On Issue 1, Defendant argues that the Court's decision is in contravention of the express terms of the policy. Defendant does not argue that the question is one of first impression or a difficult question, but rather simply involves examining the plain language of the contract–an examination the Court purportedly did incorrectly the first time around. Having failed to sufficiently demonstrate that

5

there is substantial ground for a difference of opinion on Issue 1, the Court will not certify it for appeal pursuant to Section 1292(b).

Defendant's argument is similarly insufficient as to Issue 2, and the issue will not be certified for appeal. Defendant argues that there is no authority to support the position the Court took as to Issue 2 in its Order [88], however, it provides no authority to the contrary either. Defendant does cite to Georgia case law that stands for the proposition that an insurance policy may not be rewritten to extend coverage beyond the language of the contract. (Dkt. [93] at 8). As the Court noted in its Order, "[t]he D&O Policy provided coverage for the Insured Organization which is defined as 'the Parent Corporation and any Subsidiary . . . .' " (Dkt. [88] at 20). The lawsuit for which coverage was at issue under the D&O Policy was brought against Aspen II Holding Company, Inc., d/b/a Aspen Healthcare Metrics. While, MedAssets does not have a subsidiary named Aspen II Holding Company, Inc., it does have a subsidiary named Aspen Healthcare Metrics, LLC, which responded to the lawsuit. (Id.). These facts do not present a difficult question.

As to Issue 3, Defendant argues that "[n]o decision has ever allowed consequential damages that exceed the limits of the insurance contract under such facts." (Dkt. [93] at 2). While the question of whether Plaintiff is entitled

6

AO 72A
(Rev.8/82)

to consequential damages may be one of first impression under facts similar to those presented by this case, for the reasons explained in the Court's Order, it is not a difficult question, but rather is one that cannot be properly answered without first conducting discovery on the issue of damages.  (Dkt. [88] at 21-22).  The Court will not certify Issue 3 for appeal pursuant to Section 1292(b).

## Conclusion

For the aforementioned reasons, Defendant's Motion to Amend [90] is **DENIED**, and discovery will not be stayed.  The parties will have a four month period from the date of this Order to conduct discovery on the issue of damages.

**SO ORDERED**, this  23rd  day of December, 2010.

*[signature]*
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE